UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LANCE COLLINS

    Plaintiffs,

v.

FIBLAST, LLC

    Defendant.

CIVIL DIVISION

NO: 2:22-cv-948

COMPLAINT IN CIVIL ACTION

Filed on Behalf of:

PLAINTIFF

REWIS & YODER, P.C.

Counsel of Record:

Richard T. Haft, Esquire
Pa.I.D. 83735

Joseph P. Rewis, Esquire
Pa.I.D. 92908

234 Shiloh Street
Pittsburgh, PA 15211

(412) 431-7770

**JURY TRIAL DEMANDED**

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LANCE COLLINS

    Plaintiffs,

v.

FIBLAST, LLC

    Defendant.

CIVIL DIVISION

NO:

COMPLAINT IN CIVIL ACTION

## COMPLAINT IN CIVIL ACTION

AND NOW comes the Plaintiff Lance Collins, by and through his attorney, Richard T. Haft, Esquire and Rewis & Yoder, P.C. and files the following Complaint in Civil Action, of which the following is a statement:

### OVERVIEW

1. This action arises due to the Defendant alleged negligence and strict product liability.

2. It is alleged that on August 8, 2020 Plaintiff was employed by one RAM Acoustical Corp, a Pennsylvania Corporation with a principle place of business located in Beaver Falls, Pennsylvania.

3. Plaintiff was employed by RAM Acoustical Corp at a job site located at Dickson Preparatory STEAM Academy located at 7301 Schoyer Avenue, Pittsburgh, Pennsylvania 15218.

4. On said date, Plaintiff was installing large acoustical panels that are believed and averred to have been designed and/or manufactured by the Defendant.

5. On said date, it is believed and averred that the structure of one of the concrete panels failed and crashed down on the Plaintiff, causing the severing of four of his toes on his right foot.

6. It is believed and averred that RAM Acoustical Corp. actually had numerous previous other failures with Defendant's panels as they broke before.

7. It is believed and averred RAM Acoustical Corp. actually travelled to Defendant's facility in Alabama to pick up and hand deliver the concrete panels manufactured and designed by Defendant because the structural integrity of the panels was deficient.

8. It is believed and averred that many photographs and tests were done by RAM and their representatives.

9. To recover lost wages and expenses, Plaintiff collected Worker's Compensation from this incident.

10. Plaintiff was working on a crew when this incident happened, and the incident is believed to have been witnessed by the workers present that day.

11. As a direct and proximate result of the causes of action that will be described herein at length, Plaintiff has suffered the following damages:

    A. The permanent loss of four toes on his right foot;

    B. Permanent disfigurement from the loss of toes:

    C. Past, present and future pain and suffering these injuries caused him;

    D. Past, present and future embarrassment for disfigurement;

E. Past, Present and future loss of motion, loss of activity, and loss of use of his foot that may get worse as Plaintiff ages due to his disfigurement.

F. Future treatment and medical bills that Plaintiff may have to endure if his conditions ever worsens.

G. Having to wear a prosthetic boot/shoe to walk, run and use his foot.

## PARTIES

12. Plaintiff Lance Collins is an adult individual with an address at 68 Cloverdale Lane, P.O. Box 68, New Cumberland, WV 26047.

13. Defendant Fiblast, LLC is an Alabama Limited Liability Company with an address located at either 339 Green Street, Shorter, Alabama 36075 or at 1602 Mizell Road, Tuskegee, Alabama 36083.

## VENUE AND JURISDICTION

14. Venue and Jurisdiction lies before this Court under 28 U.S.C. sec. 1332 (a) as there is diversity in citizenship between the parties and Plaintiff alleges the damages exceed $75,000.00.

15. It is further alleged that venue is properly before this Court as the location of the accident was in Allegheny County, Pennsylvania, the contract to install the panels was in Pennsylvania, the job Plaintiff was employed to do was in Pennsylvania and Pennsylvania law applies.

## COUNT I
## STRICT PRODUCT LIABILITY

16. Plaintiff hereby incorporates the above Paragraphs by reference as if set forth at length herein.
17. It is believed and averred that at all times material herein all persons who designed, manufactured or built the panels at issue in this Complaint that injured Plaintiff were agents (ostensible or otherwise), employees or Defendant was otherwise in control of said persons, and said persons were acting under the control and supervision of the Defendant to make the Defendants liable for their actions under the doctrine of respondeat superior.
18. If the Defendant did not manufacture, design or build the panels that injured the Plaintiff, it is hereby alleged they are a supplier, distributor and/or seller of the panels and therefore are in the stream of commerce of the product to make them liable for all defects to that product under Pennsylvania law.
19. It is specifically believed and averred the panels used by RAM Acoustic Corp. designed and/or manufactured and/or provided to them by Defendant were dangerous, improperly designed, improperly manufactured, or improperly malfunctioned, causing injuries to the Plaintiff.
20. It is believed and averred that the panels, as designed and manufactured, were dangerous in their normal use beyond the reasonable user's contemplation.
21. Plaintiff could not reasonable anticipate, appreciate or contemplate the dangerous condition of the product and the attendant risk of injury.

22. Plaintiff believes and avers that a reasonable person would conclude that the panels in question created a serious risk of harm that outweighed any reasonable precaution that he could have taken.
23. Defendant's precautions to advert the danger of the panels should have anticipated and reflected the type and magnitude of the risk posed by the sale and use of the panels, as the weighed hundreds of pounds and could severely injure someone and did so.
24. It is further alleged that the product in question was defective in the following particulars:
    A. The product was designed defectively as the panel broke apart when hung by Plaintiff and his coworkers and therefore the concrete panels were not properly created to withstand being hung.
    B. The product was defective either in design or manufacture as the panels were not able to withstand being hung in place.
    C. The design was defective as the materials used for the panels were not proper to ensure that the panels would not break.
    D. There was safer, more effective designs for the product that would have not caused the panels to break or fall after being hung.
    E. The product was manufactured defectively as the panel, when hung by Plaintiff and/or Ram and its employees, split or broke from its frame and support.
    F. The product was manufactured defectively as the product was not created properly as the concrete panels failed and did not remain intact

   as a whole and instead broke apart, causing the pane to fall from its molding and frame, injuring Plaintiff.

   G. Even if the panels were designed and manufactured by the standards of the Defendant, the product suffered a catastrophic malfunction as it broke and injured Plaintiff.

   H. The product was defective as it did not have adequate support for the panel to be secure in place and instead it fell on Plaintiff, causing injuries.

   I. The product was defective as it had no warnings on the product or elsewhere that were communicated to the Plaintiff that the panels could fail and break, causing injury.

   J. The product was defective as the panels were not tested, or inadequately tested, by Defendants to ensure their strength and would not break or fail, before being sold or placed within the stream of commerce.

   K. The Plaintiff and RAM Accoustic Corp. and/or its employees, at all times, did not misuse the product, alter the product and used the product as intended and it still failed and injured Plaintiff.

25. As a direct and proximate result of the aforementioned product liability, Plaintiff was injured as described elsewhere in this Complaint.

**WHEREFORE**, Plaintiff demands judgement be entered in his favor and against the Defendant in an amount in excess of the jurisdiction limit for Federal Jurisdiction, plus costs.

## COUNT II

## NEGLIGENCE

26. Plaintiff hereby incorporates all preceding Paragraphs by reference as if set forth at length herein.

27. The Defendants were negligent in the design, manufacture, assembly, distribution and sale of the product described in the Complaint, or sold or distributed the product within the chain of commerce.

28. The Defendant was negligent in the following particulars:

   A. Failure to warn that the product could fail or break, causing injury;

   B. Failing to properly construct the panel properly;

   C. Failing to properly design, manufacture and fabricate the acoustic panels that caused the injury to Plaintiff;

   D. Failing to recall defective panels when they knew or should have known they were defective;

   E. Failure to include safeguards to prevent and/or mitigate the panel failing upon a person installing them;

   F. Failure to give specific instruction to Plaintiff and/or his employer as to the installation of the panels to avoid them dropping and/or failing;

   G. Failing to properly test the panel that fell to see if it was in merchantable condition and would work as it was supposed to and would not fail.

   H. In failing to foresee that the product could fail and would cause injury and failed to mitigate that risk;

   I. In failing to have proper ways to secure the product to ensure that even if it failed, it would not fall, injuring its intended user or installer.

29. As a direct and proximate result of the aforementioned product liability, Plaintiff was injured as described elsewhere in this Complaint.

**WHEREFORE**, Plaintiff demands judgement be entered in his favor and against the Defendant in an amount in excess of the jurisdiction limit for Federal Jurisdiction, plus costs.

## COUNT III

## BREACH OF CONTRACT/ IMPLIED WARRANTY OF MERCHANTABILITY UNDER 13 PA. C.S.A. SEC. 2314

30. Plaintiff hereby incorporates all preceding Paragraphs by reference as if set forth at length herein.

31. The product designed, manufactured and/or distributed by Defendant was unfit for the ordinary purpose for which such goods are used.

32. The product that injured Plaintiff did not conform to requirements of even kind and quality.

33. Defendant implied in the sale and/or distribution of the product that it was safe for its intended use, and this was not the case.

34. Defendant breached all warranties, either expressed or implied by placing a defective product in the stream of commerce, as described elsewhere in this Complaint.

35. Plaintiff was a known, or foreseeable known, ultimate user and/or installer of the product and was therefore entitled to all warranties, either expressed or

implied, that were made by the Defendants regarding this product, or assumed the warranties in the stream of commerce from the entity that did design or manufacture the product.

36. Defendant warranted to all purchasers and users of their product that it was safe for its intended use, and it was not.

37. As a direct and proximate result of the aforementioned product liability, Plaintiff was injured as described elsewhere in this Complaint.

**WHEREFORE**, Plaintiff demands judgement be entered in her favor and against the Defendant in an amount in excess of the jurisdiction limit for Federal Jurisdiction, plus costs.

Date: 6/28/22

Richard T. Haft, Esquire
PA I.D. 83735
Rewis & Yoder, PC
234 Shiloh Street
Pittsburgh, PA 15211
(412) 431-7770
(412) 431-7777 (fax)
rhaft@rewisyoder.com

## VERIFICATION

I, _LC_ , have read the enclosed Complaint and aver that it is true to the best of my knowledge and belief. I understand that false statements made herein are subject to the penalties of 18 Pa. C.S. Sec. 4904 relating to unsworn falsification to authorities.

Date: 6/28/22

_____
Lance Collins